### PENNY *v.* KALDENBERG.

*(Superior Court of New York City, General Term.* October 25, 1888.)

CONTRACTS—DUTY TO ACCOUNT—WAIVER—EVIDENCE.

    When a traveling salesman is by his contract to render an account of his traveling expenses, a demand for such account does not show that there has been no waiver of the right to require it, where it appears that the employer had been previously informed as to the amount of such expenses, though not in writing.

Appeal from jury term.

Action by Oliver V. Penny against Frederick J. Kaldenberg, for services rendered under special contract. Defendant appeals from a judgment entered on the verdict of a jury and from an order denying a motion for a new trial.

Argued before SEDGWICK and TRUAX, JJ.

*L. B. Treadwell,* for appellant. *A. Loring Cushing,* for respondent.

SEDGWICK, J. This was an action by plaintiff to recover from defendant wages stipulated by defendant in a special contract to be paid to plaintiff for services. The first position taken for defendant on the appeal raises a question that was not presented on the trial. The second position, that no discharge of plaintiff was shown, presented a question to be submitted to the jury. The third position was that the plaintiff being bound to account to defendant for his traveling expenses, defendant's demand for the account shows that he did not waive the rendition thereof. This is not to be sustained; for, if the defendant made such a demand, it is consistent with the testimony in the case that the demand was after the defendant had learned from plaintiff the amount and objects of the expenditures, and that plaintiff had communicated this in a manner that was at the time satisfactory to the defendant. The defendant's testimony showed that plaintiff had given some account, for the former said to the latter that the expenses were 62 per cent. of the sales. The plaintiff said he did not make out and deliver to Mr. Kaldenberg, the defendant, upon the plaintiff's return from his trip, a statement of the moneys paid for traveling expenses. This was not an admission that he had not informed the defendant in another competent manner. There was no evidence that the defendant exacted that the plaintiff should make out and then deliver a statement. There was an exception, the validity of which, so far as its

form was concerned, is doubtful, to the charge of the court that, if the jury should find for the plaintiff, the amount of the verdict should be $729. The defendant's counsel claimed that the charge was erroneous, for the reason that the plaintiff should have been charged with the amount of traveling expenses, which was about $634. That, however, depended upon whether the plaintiff had accounted to the defendant as to the traveling expenses, and whether he had was left to the jury, and it was left in a proper manner. Judgment and order appealed from affirmed, with costs.

TRUAX, J., concurs.